## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

NEAL K. FIELDS,

      **Plaintiff,**

v.                                **Civil Action No. 3:15cv618**

SPRINT CORPORATION *et al.*,

      **Defendants.**

### MEMORANDUM OPINION

This matter comes before the Court *sua sponte* on the Court's consideration of its subject

matter jurisdiction over the state law claims remaining. Plaintiff Neal K. Fields brings this

action in this Court invoking jurisdiction pursuant to 28 U.S.C. §§ 1331,[1] 1343,[2] and 1367.[3]

Fields enumerates fifteen counts in his Amended Complaint. Following the filing of two

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[2] Section 1343 bestows original jurisdiction in the United States district courts for actions alleging deprivation of civil rights under color of state law:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> . . .
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]

28 U.S.C. § 1343(a)(3).

[3] "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

motions to dismiss for failure to state a claim, Fields voluntarily dismissed his case against one defendant and conceded certain claims against the others. At Fields's request, the Court will dismiss the conceded claims, which include the lone remaining federal claim upon which this Court's original jurisdiction rests. Only seven state law claims will remain.

The Court must next decide whether to exercise supplemental jurisdiction over those claims for which it does not have original jurisdiction. For the reasons that follow, the Court will decline to exercise supplemental jurisdiction over Fields's state law claims, and the Court will dismiss the action without prejudice.

## I. Procedural Background

This dispute arises from Fields's December 2014 visit to a Sprint Store in North Chesterfield, Virginia, which ultimately led to Fields's arrest by the Chesterfield County Police Department. As a result of his arrest, Fields alleges, among other things, to have received an unpaid suspension from his then-employer and suffered ridicule from the community at large. Fields now brings suit against three defendants: Sprint Corporation, a corporation incorporated in Delaware with a principal place of business in Kansas; Mariano Almonte, an individual employed by Sprint in Virginia, whom Fields alleges has since left the Commonwealth; and, Kevin P. Gruarin, an officer with the Chesterfield County Police Department who is domiciled in Virginia. Fields's First Amended Complaint[4] states the following counts:

    (1) Count I: Malicious prosecution against Sprint Corporation and Almonte;

    (2) Count II: Negligence against Sprint Corporation;

    (3) Count III: Negligence against Sprint Corporation and Almonte;

    (4) Count IV: Gross negligence against Sprint Corporation;

---

[4] Fields amended his initial Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), (ECF No. 11), after Gruarin filed a motion to dismiss that complaint, (ECF No. 8).

(5)  Count V:  Gross negligence against Almonte;

(6)  Count VI:  False arrest against Sprint Corporation and Almonte;

(7)  Count VII:  Intentional infliction of emotional distress against Sprint Corporation and Almonte;

(8)  Count VIII:  Slander and slander *per se* against Sprint Corporation and Almonte;

(9)  Count IX:  Malicious prosecution (state law) against Gruarin;

(10)  Count X:  Malicious prosecution under 42 U.S.C. § 1983 against Gruarin;

(11)  Count XI:  False arrest against Gruarin;

(12)  Count XII;  42 U.S.C. § 1983 claim against Gruarin;

(13)  Count XIII:  42 U.S.C. §1983 claim against Sprint Corporation and Almonte;

(14)  Count XIV:  Punitive damages against Sprint Corporation and Almonte; and,

(15)  Count XV:  Punitive damages against Gruarin.

Fields seeks $5,000,000 in compensatory damages, together with costs, pre- and post-judgment interest, and $5,000,000 in punitive damages.

Sprint Corporation and Almonte (collectively, the "Sprint Defendants") jointly moved to dismiss Fields's First Amended Complaint, alleging that Fields failed to state any claim upon which relief can be granted. (Sprint Corp. and Almonte Mot. Dismiss First Am. Compl. 1, ECF No. 13.) Gruarin likewise moved to dismiss the claims against him for failure to state a claim. (Gruarin Mot. Dismiss First Am. Compl., ECF No. 15.) Fields responded to both motions to dismiss, (ECF Nos. 20, 21), and the defendants replied, (ECF Nos. 22, 23).

Before the Court ruled on Gruarin's Motion to Dismiss, Fields sought to dismiss all claims against Gruarin—the state actor giving rise to Field's § 1983 claims. (Not. Voluntary Dismissal, ECF No. 25.) The Court then dismissed all claims against Gruarin. (Voluntary Dismissal O., ECF No. 26 (dismissing Counts IX, X, XI, XII, and XV).) Although

Fields originally asserted a § 1983 claim against the Sprint Defendants, Fields has correctly conceded that claim in briefing on the Sprint Defendants' motion to dismiss. (Pl.'s Mem. Opp'n to Defs. Sprint Corp. and Almonte's Mot. Dismiss 23, ECF No. 21 ("Upon due consideration of the authorities, Mr. Fields acknowledges that his Amended Complaint lacks sufficient factual particulars to sustain a Section 1983 civil conspiracy claim against Defendants."); see First Am. Compl. ¶¶ 178–83 (Count XIII).)[5] The Court will dismiss Count XIII. In his response, Fields also fittingly conceded his slander and slander per se claims against the Sprint Defendants. (Pl.'s Mem. Opp'n to Defs. Sprint Corp. and Almonte's Mot. Dismiss 17; see First Am. Compl. ¶¶ 129–40 (Count VIII).) The Court will dismiss Count VIII. Finally, Fields recognized that he could not seek punitive damages as a separate cause of action.[6] (Pl.'s Mem. Opp'n to Defs.

---

[5] Even if Fields did not concede his § 1983 claims against Sprint and Almonte, those claims would have failed. Private parties can be liable under § 1983 if they conspire to commit, or jointly engage in, prohibited actions with state officials. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970). To establish a conspiracy under § 1983, the non-state actor must act in concert with the state official and overtly act in furtherance of the conspiracy, resulting in the deprivation of another's constitutional right. See Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996); see also Mathis v. McDonough, No. ELH-13-2597, 2014 WL 3894133, at *19 n.11 (D. Md. Aug. 7, 2014) ("'[U]nder § 1983, a plaintiff must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy.'" (quoting Dossett v. First State Bank, 399 F.3d 940, 950 (8th Cir. 2005))).

Fields's conclusory allegations merely suggest that the private actors caused the deprivation of his constitutional rights. Nothing in the First Amended Complaint evinces that the Sprint Defendants reached a mutual understanding with Gruarin (the state actor) to achieve the unlawful objective of the conspiracy. Fields's allegations lack reference to the necessary "common objective" among actors that must be pleaded to articulate a conspiracy claim. See Davis v. Wal-Mart Stores East, L.P., No. 3:15cv387, 2016 WL 1464563, at *9 (E.D. Va. Apr. 13, 2016).

[6] Fields has requested that the Court dismiss his slander and slander per se claims without prejudice. Because the Court will decline to exercise supplemental jurisdiction over Fields's state law claims without reaching the merits, the Court will dismiss all claims, including Fields's slander and slander per se claims, without prejudice.

Sprint Corp. and Almonte's Mot. Dismiss 23; *see* First Am. Compl. ¶¶ 184–89 (Count XIV).)

The Court will dismiss Count XIV.

Only seven counts will remain, all of which articulate causes of action under Virginia law: Count I: malicious prosecution against the Sprint Defendants; Count II: negligence against Sprint Corporation; Count III: negligence against the Sprint Defendants; Count IV: gross negligence against Sprint Corporation; Count V: gross negligence against Almonte; Count VI: false arrest against the Sprint Defendants; and, Count VII: intentional infliction of emotional distress against the Sprint Defendants.

## II. Analysis

United States district courts have supplemental jurisdiction over state law claims so long as those claims "form part of the same case or controversy" as claims over which the Court has original jurisdiction, such as federal claims. 28 U.S.C. § 1367(a). By conceding his federal claims here, Fields abandoned the claims that initially permitted him to file this predominantly state-law-action in this Court. As a result, this Court may now, in its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims. *Id.* § 1367(c)(3). For the reasons stated below, the Court will decline to exercise supplemental jurisdiction and will dismiss the case for lack of subject matter jurisdiction.

### A.    Standard for Supplemental Jurisdiction After Federal Claims Are Dismissed

Federal district courts have supplemental jurisdiction over state law claims that "form part of the same case or controversy" as a federal claim. 28 U.S.C. § 1367(a). A district court, however, may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (generally, if federal claims are dismissed before trial, state claims should be dismissed as well).

"The doctrine of supplemental jurisdiction is one of flexibility, and there is no 'mandatory rule' requiring dismissal when the federal claim is disposed of before trial." *Peter Farrell Supercars, Inc. v. Monsen*, 82 F. App'x 293, 297 (4th Cir. 2003); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [subject-matter] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995) ("The doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain *or* dismiss state law claims when the federal basis for an action drops away."). Among the factors that inform the Court's discretionary determination are "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110.

**B.      The Court Lacks Original Jurisdiction Over the Remaining Claims**

The remaining seven claims allege causes of action under Virginia law over which the Court does not have original jurisdiction.[7] In the First Amended Complaint, Fields does not, because he cannot, allege that any of the remaining claims provide a basis for federal question jurisdiction. The parties' briefs rely exclusively on the application of Virginia law. Fields likewise has not alleged that this Court has diversity jurisdiction under 28 U.S.C. § 1332[8] after

---

[7] As indicated above, the claims still at bar are:  Count I:  malicious prosecution against the Sprint Defendants; Count II:  negligence against Sprint Corporation; Count III:  negligence against the Sprint Defendants; Count IV:  gross negligence against Sprint Corporation; Count V: gross negligence against Almonte; Count VI:  false arrest against the Sprint Defendants; and, Count VII:  intentional infliction of emotional distress against the Sprint Defendants.

[8] Section 1332 confers subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

the dismissal of Gruarin.[9] Thus, the Court may consider the remaining state law claims only if it exercises supplemental jurisdiction.

### C.     All Factors Informing the Court's Discretionary Determination Favor Dismissal

Although the court has unbridled discretion in deciding whether to exercise supplemental jurisdiction in this case, *Carlsbad Tech., Inc.*, 556 U.S. at 639, the United States Court of Appeals for the Fourth Circuit advises that the Court *should* consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy," *Shanaghan*, 58 F.3d at 110. An evaluation of these four factors uniformly favors dismissal.

The Court quickly dispenses with its consideration of the federal policy factor. No issues of federal policy underlie Fields's remaining claims. All remaining counts allege causes of action under Virginia law. Fields has laudably conceded that the First Amended Complaint did not state a claim against Sprint and Almonte under 42 U.S.C. § 1983, which provides a private

---

[9] Even if Fields had invoked diversity jurisdiction under § 1332, the allegations in the First Amended Complaint would still fail to plausibly show that this Court has original jurisdiction. When a party seeks to invoke diversity jurisdiction under § 1332, he or she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Kimble v. Rajpal*, 566 F. App'x 261, 263 (4th Cir. 2014). While the Court presumes diversity between Fields, a Virginia resident, and Sprint, a corporation incorporated in Delaware with its principal place of business in Illinois, Fields does not allege diversity between himself and Almonte. The First Amended Complaint provides only a conclusory statement that Almonte "has left the Commonwealth of Virginia." (First Am. Compl. ¶ 7.) Even if true, such a conclusory statement does not allege that diversity jurisdiction exists.

A party's citizenship is based upon his or her state of domicile. *See New River Lumber Co. v. Graff*, 889 F.2d 1084, 1989 WL 134584, at *1 (4th Cir. 1989) (noting that, for diversity purposes, "citizenship is the equivalent of domicile"). As the United States Court of Appeals for the Fourth Circuit has stated, "[d]omicile requires physical presence, coupled with . . . *intent* to make the State a home." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (emphasis added) (citations omitted). Pertinent here, "[a] person can have only one domicile at a time, and will keep an existing domicile until a new one is established." *Bagheri v. Bailey*, No. 1:14cv77, 2015 WL 6738306, at *2 (W.D. Va. Nov. 4, 2015) (citation omitted). Thus, even if Almonte has left Virginia, the First Amended Complaint does not allege complete diversity among the parties.

right of action for a violation of constitutional rights by persons acting under the color of state law. Neither the First Amended Complaint nor the parties' briefing on the motion to dismiss indicate how this case, absent the § 1983 claims, implicates federal policy.

The Court's consideration of comity and judicial economy likewise favors dismissal. Fields's remaining claims rely entirely upon Virginia law, and the parties' arguments rest primarily on decisions of Virginia courts. It would be imprudent for this Court, one of limited jurisdiction, to suggest that it could more readily decide matters of Virginia law than Virginia courts could. For the same reason, allowing a state court to address state law matters would best serve judicial economy.

Fairness and convenience to the parties also weigh in favor of the Court declining supplemental jurisdiction. This case remains in an early stage of litigation. Fields has filed a First Amended Complaint, and the remaining two defendants have jointly moved to dismiss that pleading. The Court has not decided any disputed state-law-based claims, and Fields conceded the federal claims. The Court has not entered any discovery orders, and no matters will remain under consideration after this Court issues its decision. Were Fields to subsequently file his claims in a court of appropriate jurisdiction,[10] the parties would, for all intents and purposes, begin at the same stage of the litigation process. Accordingly, the Court's consideration of the convenience to the parties also favors dismissal.

---

[10] The events giving rise to Fields's claims began in late-December 2014, and the charges were ultimately dropped in July 2015. Virginia has a two-year statute of limitations for general personal injury claims. Va. Code § 8.01-243(A).

## III. Conclusion

For the foregoing reasons, the Court *sua sponte* declines to exercise supplemental jurisdiction. The Court will dismiss this case for lack of subject matter jurisdiction.

An appropriate Order shall issue.

M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: SEP 0 9 2016

9